UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES WESLEY CLEARWATER, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN K. BENNETT, <br><br> Respondent. | 4:21-CV-04173-KES <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING BENNETT'S MOTION TO DISMISS |

This matter is before the court upon the objections by pro se petitioner, Charles Wesley Clearwater, to the report and recommendation filed December 10, 2021, by Magistrate Judge Veronica L. Duffy. Dockets 13 & 14. Magistrate Judge Duffy recommends that respondent, Warden K. Bennett's, motion to dismiss be granted and that Clearwater's habeas petition under 28 U.S.C. § 2241 be dismissed with prejudice and without an evidentiary hearing. Docket 13 at 12. For the following reasons, the court overrules Clearwater's objections, adopts the report and recommendation, and grants Bennett's motion to dismiss.

**FACTUAL BACKGROUND**

The magistrate judge in her report and recommendation provided a full factual background to which Clearwater did not object. *See* Docket 13 at 2. It is adopted in full.

Clearwater is currently serving a 144-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Docket 1 at 1; Docket 11 ¶ 2. When he was sentenced, a two-level increase was applied to Clearwater's base offense level under the United States Sentencing Guidelines because Clearwater possessed a dangerous weapon in relation to the offense of conviction. Docket 11 ¶ 17.

The Bureau of Prisons (BOP) offers a Residential Drug Abuse Treatment Program (RDAP) to inmates who volunteer for treatment and who have a verifiable substance use disorder. Docket 11 ¶ 4. Inmates convicted of nonviolent offenses who successfully complete the RDAP program may receive a reduction in their period of incarceration. 18 U.S.C. § 3621(e)(2)(B). But the BOP determined that Clearwater was precluded from early release eligibility under "28 C.F.R. § 550.55(b)(5)(ii)-(iii), 28 C.F.R. § 550.55(b)(6), and sections 4.b and 4.d of PS 5162.05." Docket 11 ¶ 20.

Clearwater contends that the BOP's decision to deny him early release is based on language similar to the residual clause that the Supreme Court has declared to be unconstitutionally vague. Docket 1 at 2; Docket 14 at 2. The Magistrate Judge, in her report and recommendation, recommends that the petition be dismissed because the BOP regulations (subsections (b)(5)(ii) and (6)) that support its decision are not unconstitutionally vague, and the BOP's decision to deny Clearwater early release under those provisions is not unconstitutional. Docket 13 at 12. Clearwater filed timely objections to the report and recommendation. Docket 14.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b)(3) provides that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). On review of the magistrate judge's report and recommendation, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations[.]" 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Clearwater contends that BOP violated the Constitution when it denied him early release due to the fact that he possessed a firearm in connection with a drug trafficking crime. Docket 14 at 2. But the RDAP statute, 18 U.S.C. § 3621(e)(2)(B), states "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added). The statutory language is not mandatory. Instead, because the word "may" is used, the BOP has discretion to grant such early release. *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

In *Lopez,* the Supreme Court concluded that the BOP acted lawfully in exercising its discretion when it promulgated regulations that governed categories of ineligible inmates who do not qualify for early release after completing the RDAP program—including inmates who possessed a firearm in

3

connection with the commission of a felony. *Id.* at 244. The regulation at issue here is the progeny of the regulation that was considered by the *Lopez* Court.

Clearwater specifically objects to BOP's use of § 550.55(b)(5)(iii) to disqualify him from receiving early release. Docket 2 at 3. He claims this provision uses language similar to the language in the residual clause that the Supreme Court struck down as unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015). Docket 2 at 3-4. While Clearwater raises an interesting issue, the court does not need to reach this issue because the BOP relied on two other provisions in the regulation to deny him early release eligibility. *See* Docket 11-4 at 1. First, the BOP concluded that he is ineligible under § 550.55(b)(5)(ii) because he possessed a firearm in connection with a drug trafficking crime. *See id.* And second, the BOP found that he is ineligible under § 550.55(b)(6) because his current conviction was "an attempt, conspiracy, or other offense which involved an underlying offense[.]" *Id.* Clearwater does not attack either of these grounds as being unconstitutionally vague under *Johnson. See* Docket 14 at 2. Because either of these grounds standing alone is sufficient to disqualify Clearwater from an early release and neither ground implicates *Johnson*, the court concludes that respondent's decision to deny Clearwater early release under these provisions is not unconstitutional. Thus, under 18 U.S.C. § 3625, this court does not have the power to judicially review the BOP's individualized decision as to Clearwater.

4

Thus, it is ORDERED

1. Clearwater's objections to the report and recommendation (Docket 14) are overruled.

2. The report and recommendation (Docket 13) is adopted in full as supplemented herein.

3. Clearwater's § 2241 petition (Docket 1) is dismissed with prejudice and without an evidentiary hearing.

Dated February 24, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
